ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA        :        SEALED INDICTMENT
                                :
       - v. -                   :        S4 15 Cr. 171 (ALC)
                                :
EDWARD DURANTE,                 :
    a/k/a "Ted Wise,"           :
    a/k/a "Efran Eisenberg,"    :
    a/k/a "Yulia Svitchkara,"   :
    a/k/a "Anthony Walsh,"      :
    a/k/a "Ed Simmons,"         :
CHRISTOPHER CERVINO,            :
    a/k/a "Smitty,"             :
LARRY WERBEL, and               :
SHEIK F. KHAN,                  :
    a/k/a "Abida Khan,"         :
                                :
       Defendants.              :
                                :
- - - - - - - - - - - - - - - - X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 1 5 16               │
└─────────────────────────────────┘
```

## COUNT ONE

### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

### RELEVANT PERSONS AND ENTITIES

1.     EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, was convicted in federal court on or about December 7, 2001 of conspiracy to commit securities fraud, wire fraud, and money laundering, as well as making false statements.  At all times relevant to this Indictment, DURANTE was barred from certain activities in connection with the securities industry, including the sale of

securities.  In addition, on or about October 10, 2002, DURANTE was ordered by a United States District Court to pay disgorgement and prejudgment interest totaling more than $39 million.

2.   At various times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") oversaw the business operations of entities under the control of EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and otherwise facilitated the execution of the scheme to defraud described herein.

3.   At various times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-2"), registered, incorporated or served as an officer for numerous corporate entities controlled by EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and also opened and maintained bank accounts and brokerage accounts controlled by DURANTE.  CC-2 understood that these entities and bank accounts, all controlled by DURANTE, were used to facilitate the execution of the scheme to defraud described herein.

4.   At various times relevant to this Indictment, CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, was a

licensed broker who worked in New Jersey.  From in or about the summer of 2012 to in or about the summer of 2013, CERVINO worked for a broker-dealer with a primary place of business in Salt Lake City, Utah ("Brokerage-1").  From in or about the summer of 2013 to in or about October 2014, CERVINO worked for a broker-deal with a primary place of business in Omaha, Nebraska ("Brokerage-2").  Both Brokerage-1 and Brokerage-2 had offices in New Jersey.

5.    At various times relevant to this Indictment, LARRY WERBEL, the defendant, was a registered investment advisor in Cleveland, Ohio.

6.    At various times relevant to this Indictment, SHEIK F. KHAN, a/k/a "Abida Khan," the defendant, served as an investment advisor in Southern California.

7.    At various times relevant to this Indictment, VGTel, Inc. ("VGTL") was a shell company whose shares were publicly traded on an Over-The-Counter market.  From approximately in or about April 2012 to in or about August 2014, VGTL's share price fluctuated between approximately $.25 per share and $1.90 per share.

8.    At various times relevant to this Indictment, New Market Enterprises, Inc. ("NME") was a corporation with an office in New York, New York, which was controlled by EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia

Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the

defendant, and for which CC-2 was an officer.   NME was a large

shareholder of both public and private shares of VGTL.

9.    At various times relevant to this Indictment, Zenith

Estates, Inc. ("Zenith") was a corporation with an office in New

York, New York, which was controlled by EDWARD DURANTE, a/k/a

"Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara,"

a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and

for which CC-2 was an officer.   Zenith was a large shareholder

of both public and private shares of VGTL.

10.   At various times relevant to this Indictment, TW Ruban

Group, Inc. ("TWR") was an entity incorporated by CC-1, which

was jointly controlled by CC-1 and EDWARD DURANTE, a/k/a "Ted

Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a

"Anthony Walsh," a/k/a "Ed Simmons," the defendant.   TWR was

also a large shareholder of public and private shares of VGTL.

<u>OVERVIEW OF THE SCHEME</u>

11.   From at least in or about 2009 through at least in or

about March 2015, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran

Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh,"

a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY

WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants,

and their co-conspirators, including CC-1 and CC-2, perpetrated

a scheme to defraud more than 100 investors of at least $15

4

million by soliciting funds, including, but not limited to, investments in private and public shares of VGTL and other securities, such as the penny stock companies Q Lotus Holdings, Inc. ("QLTS"), Haddad-Wylie Industries LLC ("HWIC"), and Cassidy Ventures, Inc. ("CSVN"), with false and misleading representations and omissions and by failing to invest investors' funds as promised. In addition, DURANTE, CERVINO, WERBEL, KHAN, and their co-conspirators, including CC-1 and CC-2, manipulated the market in the public stock of VGTL and other securities, such as QLTS, HWIC, and CSVN, for the purposes of advancing the scheme to defraud investors and enriching themselves.

12. In order to effectuate the scheme, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and their co-conspirators solicited and caused to be solicited more than $10 million in investments in private shares of VGTL and other securities, through false and misleading representations, including, but not limited to, that the private shares were priced at a discount to the publicly traded stock and that monies raised through private offerings would be used for the operations and growth of VGTL and other securities when, in truth, these funds were largely funneled back to DURANTE,

WERBEL, KHAN, CHRISTOPHER CERVINO, a/k/a "Smitty," the
defendant, and their co-conspirators.

13.   In order to further effectuate the scheme, EDWARD
DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia
Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons,"
CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F.
KHAN, a/k/a "Abida Khan," the defendants, and their co-
conspirators controlled the market in the public stock of VGTL
and other securities by, among other things, conspiring to
execute and executing trades in accounts of victim investors in
order to manipulate the trading volume and stock price of VGTL,
thereby promoting additional private sales of stock and also
permitting DURANTE and his co-conspirators to profit by selling
their VGTL stock at inflated prices.

14.   As a further part of the scheme, EDWARD DURANTE, a/k/a
"Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara,"
a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, with
the knowledge of certain of his co-conspirators, including LARRY
WEBEL, the defendant, CC-1 and CC-2, employed numerous aliases
in order to conceal from investors, compliance personnel,
regulators and law enforcement his prior criminal conviction and
regulatory bar.   For example, DURANTE presented himself to
certain investors and business associates as "Ted Wise," and
also employed the aliases "Efran Eisenberg" and "Yulia

6

Svitchkara" when communicating with others by email.   For the same reason, DURANTE directed certain of his co-conspirators, including CC-1 and CC-2, to use their identities to open and/or manage entities and bank and brokerage accounts associated with the fraud so as to conceal DURANTE's involvement in the scheme.

### The Private Placement Offerings of VGTL

15.   In or about 2010, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and CC-1 arranged to purchase VGTL from another individual who had previously facilitated DURANTE's control over QLTS and HWIC in 2010.   DURANTE, with assistance from CC-1, thereafter caused a large number of private VGTL shares to be issued to a number of corporate entities controlled by DURANTE and CC-1, including Zenith, NME and TWR.

16.   Between in or about 2011 and in or about 2014, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and others working at DURANTE's direction, induced or caused others to induce investors to purchase private VGTL shares without disclosing that the entities selling the shares, principally Zenith and NME, were controlled by DURANTE and that DURANTE secretly controlled VGTL.   Moreover, although WERBEL

knew about DURANTE's true identity and his criminal and regulatory history, WERBEL failed to disclose these facts to his clients.

17.    In furtherance of the scheme, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and others working at DURANTE's direction, falsely told prospective investors that their investments in private VGTL offerings, which were discounted from the prevailing market price of the public stock, would benefit from prospective reverse-mergers between VGTL and various private companies.  In truth, DURANTE and certain co-conspirators knew that no merger would ever be consummated.  In addition, DURANTE and his co-conspirators understood that the vast majority of funds raised from investors would not be used for the benefit of VGTL.  Rather, more than $9 million of investor money purportedly intended for VGTL was largely diverted to DURANTE, who distributed the proceeds among CC-1, CC-2, CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, WERBEL, and KHAN.

18.    EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, further induced certain investors

8

to purchase private shares of VGTL by promising that the stock carried an eight percent semi-annual dividend.  DURANTE, WERBEL, KHAN and others also represented to certain investors that after a period of time, typically six to 13 months, the stock would be convertible to unrestricted common stock, typically at $.38/share, which would allegedly lock in a profit for the investor when the shares were sold on the public market.

19.   In truth, the promised interest payments were never made and EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and their co-conspirators took various steps to prevent the restrictions on the private stock from being lifted.  In fact, some investors never received their VGTL stock certificates at all.  In those instances in which investors did receive their VGTL stock certificates, they were often unable to remove the restrictions because, among other things, DURANTE and his co-conspirators prevented representatives from VGTL from writing necessary opinion letters, and further withheld the necessary information required by brokerage or clearing houses to remove the restrictive legends.

20.   Finally, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony

9

Walsh," a/k/a "Ed Simmons," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, failed to disclose to investors that DURANTE paid or caused others to pay cash payments, representing bribes or kickbacks, to WERBEL and KHAN in exchange for inducing their clients to invest in VGTL.

<u>The Public Market Manipulation of VGTL</u>

21.   At all times relevant to this Indictment, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and his co-conspirators controlled a majority of the publicly traded stock in VGTL. As a part of the scheme to defraud, DURANTE and certain co-conspirators caused VGTL to fail to disclose DURANTE's control over these public shares of VGTL, in violation of securities regulations.

22.   In or about 2012, CC-1 introduced EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, to CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, believing that CERVINO had previously used his position as a broker to facilitate the manipulation of the market for certain securities, and believing, correctly, that CERVINO would assist DURANTE, CC-1, and others with the manipulation of the market for VGTL stock.

10

23.   To effect the scheme to control and manipulate the public market of VGTL, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, opened brokerage accounts with CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, for entities that DURANTE controlled, namely Zenith and NME, that held a substantial amount of public VGTL shares. In addition, DURANTE, along with LARRY WERBEL and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, arranged for brokerage accounts to be opened with CERVINO and elsewhere (the "Investor Accounts") in the names of investors who were clients of WERBEL's and KHAN's.  Accordingly, DURANTE, with the assistance of CERVINO, WERBEL and KHAN, frequently controlled both sides of the same trade in VGTL stock, as set forth below.

24.   From at least in or about April 2012 up through at least in or about August 2014, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, controlled and manipulated the publicly traded price of VGTL stock by either (1) soliciting investors, including clients of WERBEL's and KHAN's, to purchase VGTL stock, often when shares controlled by DURANTE were sold, or (2) executing or causing to be executed trades in VGTL stock without

11

the permission of the investor. When investors complained about the price of VGTL stock, or unauthorized purchases in their accounts, DURANTE offered them private shares of the stock to "average down" their cost basis. In the rare instance when investors were permitted by DURANTE to sell VGTL stock, DURANTE caused those shares to be purchased in accounts he controlled, sometimes with the money other clients had purportedly invested in what they believed to be discounted VGTL private stock.

25. CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, played an integral role in manipulating the public market for VGTL stock. Throughout the scheme, and for the purpose of artificially inflating VGTL's stock price, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, caused CERVINO to execute match trades typically between Investor Accounts, which usually placed buy orders in VGTL, and accounts associated with DURANTE-controlled entities, which usually placed sell orders in VGTL. For example, on or about July 26, 2013, CERVINO matched a buy order of 288,803 shares from an Investor Account associated with a client of KHAN's with a sell order of 288,803 shares from an account associated with NME. On that same day, CERVINO matched a buy order of 35,000 shares from the same KHAN client account with a sell order of 35,000 shares from an account associated with Zenith. In addition, DURANTE

12

instructed CERVINO to place buy orders of VGTL in Investor
Accounts at prices that were higher than the standing offer
price in order to further inflate the price of the stock.

26.   From in or about 2013 through in or about 2014, more
than $4 million of VGTL stock was purchased by clients of SHEIK
F. KHAN, a/k/a "Abida Khan," the defendant, either via solicited
trades or unauthorized purchases, primarily through accounts
created, maintained and controlled by CHRISTOPHER CERVINO, a/k/a
"Smitty," the defendant, while less than $75,000 of VGTL stock
was sold by KHAN's clients, also primarily through CERVINO.  In
addition, from in or about April 2012 through in or about August
2014, nearly $700,000 of VGTL stock was purchased by clients of
LARRY WERBEL, the defendant, including some through accounts
created, maintained and controlled by CERVINO, while only
approximately $340,000 of VGTL stock was sold by WERBEL's
clients, also including some through CERVINO.

27.   In an effort to avoid detection by the employers of
CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, and in
furtherance of the scheme, EDWARD DURANTE, a/k/a "Ted Wise,"
a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a
"Anthony Walsh," a/k/a "Ed Simmons," the defendant, and CERVINO
regularly communicated by personal cellphone and email, as well
as instant messaging, rather than through CERVINO's work

13

telephone and email, which were monitored by CERVINO's employers.

28.   Over the course of the scheme, trading by CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, in VGTL stock (i) accounted for as much as 80 percent of the daily volume of trading; (ii) increased VGTL's share price by more than 100 percent; and (iii) increased trading volume of the thinly-traded VGTL stock to as much as one million shares per day.

29.   From in or about April 2012 through in or about August 2014, VGTL's share price fluctuated between approximately $.25 per share and $1.90 per share, which was substantially greater than the purported value of the private shares.   Through the market manipulation of VGTL stock, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," and LARRY WERBEL, the defendants, and their co-conspirators profited by selling their own VGTL stock at inflated prices at opportune times when investors they controlled purchased VGTL stock.   In addition, this artificial inflation of the stock price and the trading volume served to further increase interest in VGTL private placement offerings.

THE PROCEEDS OF THE FRAUDULENT SCHEME

30.   To reap the proceeds of the fraudulent scheme, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia

Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, directed CC-2 to divert more than $9 million of investors' money from bank accounts associated with entities controlled by DURANTE, principally Zenith and NME, to bank accounts controlled by DURANTE and his co-conspirators.

31.   For example, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, caused CC-2 to execute wire transfers of money from accounts associated with entities controlled by DURANTE, principally Zenith and NME, to a personal bank account belonging to CC-2, and then to a personal bank account in the name of a family member of DURANTE.

32.   In addition, in order to further distribute the proceeds of the scheme to co-conspirators, including CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, to reward their past participation in the scheme, and to encourage their continued participation therein, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, made monetary payments to CERVINO, WERBEL and KHAN that CERVINO did not disclose to his employers and WERBEL and KHAN did not disclose to their respective clients.   For example:

a.    In or about 2012, on at least two occasions, DURANTE met with CERVINO at DURANTE's office in the Chrysler Building in New York, New York, and DURANTE provided CERVINO with envelopes of cash totaling approximately $35,000.

b.    From in or about November 2013 through in or about August 2014 KHAN's clients invested approximately $1.33 million, for which KHAN received approximately $115,000 in undisclosed kickbacks.  In addition, in or about May and June 2014, DURANTE distributed to KHAN 340,000 shares of restricted VGTL stock, which, at $.38 per share, was valued at $129,200.

c.    From in or about November 2012 through in or about December 2014, WERBEL induced his clients to invest approximately $3 million in private VGTL shares, in return for which DURANTE instructed CC-2 to pay WERBEL approximately $305,000 in undisclosed kickbacks.  As the scheme evolved, WERBEL demanded as much as 20 percent of his clients' investments in kickbacks, which included three structured cash payments of $9,500 in December 2014 that coincided with an investment of $150,000 by one of WERBEL's clients.

Statutory Allegations

33.   From at least in or about 2009 through at least in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh,"

16

a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY

WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants,

and others known and unknown, willfully and knowingly did

combine, conspire, confederate and agree together and with each

other to commit an offense against the United States, to wit,

securities fraud, in violation of Title 15, United States Code,

Sections 78j(b) and 78ff, and Title 17, Code of Federal

Regulations, Section 240.10b-5.

34. It was a part and object of the conspiracy that EDWARD

DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia

Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons,"

CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F.

KHAN, a/k/a "Abida Khan," the defendants, and others known and

unknown, willfully and knowingly, directly and indirectly, by

use of the means and instrumentalities of interstate commerce,

and of the mails, and of the facilities of national securities

exchanges, would and did use and employ manipulative and

deceptive devices and contrivances, in connection with the

purchase and sale of securities, in violation of Title 17, Code

of Federal Regulations, Section 240.10b-5 by: (a) employing

devices, schemes and artifices to defraud; (b) making untrue

statements of material fact and omitting to state material facts

necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading;

and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of VGTL stock and other securities, including QLTS and HWIC, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## Overt Acts

35.   In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about July 26, 2013, at the direction of EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, executed certain matched trades in VGTL at Brokerage-1.

b.   On or about December 30, 2013, DURANTE sent an instant message to SHEIK F. KHAN, a/k/a "Abida Khan," the defendant, directing KHAN to place an order in a client's account for a particular quantity of VGTL stock at a particular price, which order KHAN then placed.

c.   On or about December 9, 10, and 12, 2014, DURANTE caused approximately $9,500 in cash to be sent by Federal

18

Express from New York, New York, to LARRY WERBEL, the defendant, in Cleveland, Ohio as kickbacks to WERBEL.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

The Grand Jury further charges:

36.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

37.   From at least in or about 2009 through at least in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary

19

in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of VGTL stock, to wit, DURANTE, CERVINO, WERBEL and KHAN participated in a scheme to defraud victim-investors in VGTL in which victim-investors were induced to invest in private shares of VGTL through false and misleading statements and the market for publicly traded shares of VGTL was manipulated for the purpose of inflating the price and increasing the trading volume of the stock.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE

### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

38.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

39.   From at least in or about 2009 through at least in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY

20

WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

40.   It was a part and an object of the conspiracy that EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR

### (Wire Fraud)

The Grand Jury further charges:

41.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

42.   From at least in or about 2009 through at least in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DURANTE, CERVINO, WERBEL and KHAN participated in a scheme to defraud victim-investors in VGTL through the use of interstate wires, including interstate and international telephone calls, instant messages, and emails.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

43.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

44.   From at least in or about 2009 through at least in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1956.

45.   It was a part and an object of the conspiracy that EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to

wit, fraud in the sale of securities and wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX

### (Money Laundering)

The Grand Jury further charges:

46.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

47.   From at least in or about 2009 through in or about March 2015, in the Southern District of New York and elsewhere, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, knowingly and willfully conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, fraud in the sale of securities and wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds

of specified unlawful activity, to wit, DURANTE caused proceeds

of the scheme to defraud investors in VGTL and other securities

to be routed through accounts in CC-2's name to DURANTE and co-

conspirators in order to conceal that those funds were obtained

in connection with the fraud on investors in VGTL and other

securities.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT SEVEN

### (Investment Advisor Fraud - Werbel)

The Grand Jury further charges:

48.   The allegations contained in paragraphs 1 through 32

of this Indictment are hereby repeated, realleged, and

incorporated by reference, as if fully set forth herein.

49.   From at least in or about 2010 up through and

including in or about March 2015, in the Southern District of

New York and elsewhere, LARRY WERBEL, the defendant, acting as

an investment adviser with respect to his clients, willfully and

knowingly, used the mails and other means and instrumentalities

of interstate commerce, directly and indirectly, (a) to employ a

device, scheme, and artifice to defraud a client and prospective

client; (b) to engage in a transaction, practice, and course of

business which operated as a fraud and deceit upon a client and

prospective client; and (c) to engage in an act, practice, and

course of business which was fraudulent, deceptive, and manipulative, to wit, WERBEL caused his clients to invest in certain securities, including VGTL, in exchange for receiving kickback payments that were not disclosed to those clients.

(Title 15, United States Code, Sections 80b-6 & 80b-17; Title 18, United States Code, Section 2.)

## COUNT EIGHT

### (Investment Advisor Fraud - Khan)

The Grand Jury further charges:

50.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

51.   From at least in or about 2013 up through and including in or about March 2015, in the Southern District of New York and elsewhere, SHEIK F. KHAN, a/k/a "Abida Khan," the defendant, acting as an investment adviser with respect to her clients, willfully and knowingly, used the mails and other means and instrumentalities of interstate commerce, directly and indirectly, (a) to employ a device, scheme, and artifice to defraud a client and prospective client; (b) to engage in a transaction, practice, and course of business which operated as a fraud and deceit upon a client and prospective client; and (c) to engage in an act, practice, and course of business which was fraudulent, deceptive, and manipulative, to wit, KHAN caused her

clients to invest in certain securities, including VGTL, in exchange for receiving kickback payments that were not disclosed to those clients.

(Title 15, United States Code, Sections 80b-6 & 80b-17; Title 18, United States Code, Section 2.)

## COUNT NINE

### (Perjury - Durante)

The Grand Jury further charges:

52.   The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

53.   On or about October 2, 2012, in the Southern District of New York, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, having taken an oath before a competent officer and person, in a case in which a law of the United States authorized an oath to be administered, that he would testify, declare, depose, and certify truly, willfully and contrary to such oath, did state and subscribe material matters which he did not believe to be true, to wit, DURANTE, during sworn testimony before the U.S. Securities and Exchange Commission (the "SEC"), which was taken for the purpose of enforcing the monetary penalties associated with DURANTE's 2001 criminal conviction, gave the following false underlined

testimony:

> Question: Do you go by any other names besides Edward
>           Durante?
>
> Answer:   <u>No</u>
> ***
> Question: What other names have you used?
>
> Answer:   <u>Edward Simmons</u>.
>
> Question: Do you use any aliases now?
>
> Answer:   <u>No</u>.

(Title 18, United States Code, Sections 1621 and 2.)

## <u>COUNT TEN</u>

### (Perjury - Cervino)

The Grand Jury further charges:

54.  The allegations contained in paragraphs 1 through 32 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

55.  On or about August 13, 2014, in the Southern District of New York, CHRISTOPHER CERVINO, a/k/a "Smitty," the defendant, having taken an oath before a competent officer and person, in a case in which a law of the United States authorized an oath to be administered, that he would testify, declare, depose, and certify truly, willfully and contrary to such oath, did state and subscribe material matters which he did not believe to be true, to wit, CERVINO, during sworn testimony before the SEC, which was taken in connection with an SEC enforcement

proceeding, gave the following false underlined testimony:

> Question: Did you ever take any compensation from Ted [Wise] or any of these other characters, Ab[i]da [Khan]?
>
> Answer:   No.
> ***
> Question: Or the brother [CC-2]?
>
> Answer:   No.
>
> Question: No compensation or gifts or anything of that sort?
>
> Answer:   No.

(Title 18, United States Code, Sections 1621 and 2.)

## COUNT ELEVEN

### (False Statements - Werbel)

56.  The allegations contained in paragraphs 1 through 32 of this Information are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

57.  On or about May 12, 2015, in the Southern District of New York, LARRY WERBEL, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did make a materially false, fictitious and fraudulent statement and representation, to wit, WERBEL made false statements about his knowledge of the true identity of EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia," a/k/a "Ed Simmons," a/k/a "Anthony

Walsh," the defendant, in response to questions by federal law enforcement officers.

(Title 18, United States Code, Section 1001.)

### FORFEITURE ALLEGATIONS

58.   As a result of committing one or more of the foregoing securities and wire fraud offenses alleged in Counts One through Four of this Indictment, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," CHRISTOPHER CERVINO, a/k/a "Smitty," LARRY WERBEL, and SHEIK F. KHAN, a/k/a "Abida Khan," the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

59.   As a result of committing one or more of the foregoing money laundering offenses alleged in Counts Five and Six of this Indictment, EDWARD DURANTE, a/k/a "Ted Wise," a/k/a "Efran Eisenberg," a/k/a "Yulia Svitchkara," a/k/a "Anthony Walsh," a/k/a "Ed Simmons," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in such offense, and any property traceable to such property.

60.  As a result of committing the foregoing investment advisor fraud offense alleged in Count Seven of this Indictment, LARRY WERBEL, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

61.  As a result of committing the foregoing investment advisor fraud offense alleged in Count Eight of this Indictment, SHEIK F. KHAN, a/k/a "Abida Khan," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

<u>Substitute Asset Provision</u>

62.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   d.  cannot be located upon the exercise of due diligence;

   e.  has been transferred or sold to, or deposited with, a third party;

   f.  has been placed beyond the jurisdiction of the court;

g.    has been substantially diminished in value; or

h.    has been commingled with other property which

i.    cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982; Title 28, United States Code, Section 2461.)

FOREPERSON

January 5th, 2016

PREET BHARARA
United States Attorney

32

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

EDWARD DURANTE, a/k/a "Ted Wise," a/k/a
"Efran Eisenberg," a/k/a "Yulia
Svitchkara," a/k/a "Anthony Walsh,"
a/k/a "Ed Simmons," CHRISTOPHER
CERVINO, a/k/a "Smitty," LARRY WERBEL,
and SHEIK F. KHAN, a/k/a "Abida Khan,"

Defendants.

## SEALED INDICTMENT

S4 15 Cr. 171

(15 U.S.C. §§ 78j(b), 78ff, 80b-6 &
80b-17; 17 C.F.R. §§ 240.10b-5; 18
U.S.C. §§ 371, 1001, 1343, 1349, 1956,
1621 and 2.)

PREET BHARARA
United States Attorney

1/5/16 - Filed. Sealed Supersealing Indictment
Be A/W issued.

J Pech
USM2