```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :        PROTECTIVE ORDER
                                   :
          - v. -                   :        S4 15 Cr. 171 (ALC)
                                   :
EDWARD DURANTE,                    :
     a/k/a "Ted Wise,"             :
     a/k/a "Efran Eisenberg,"      :
     a/k/a "Yulia Svitchkara,"     :
     a/k/a "Anthony Walsh,"        :
     a/k/a "Ed Simmons,"           :
CHRISTOPHER CERVINO,               :
     a/k/a "Smitty,"               :
LARRY WERBEL, and                  :
SHEIK F. KHAN,                     :
     a/k/a "Abida Khan,"           :
                                   :
          Defendants.              :
                                   :
- - - - - - - - - - - - - - - - - X
```

ANDREW L. CARTER, JR., District Judge:

WHEREAS, the United States of America seeks to provide in unredacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16"), which contain and/or reflect personal identification information (including but not limited to names, social security numbers, dates of birth, addresses, telephone numbers, and account numbers); and

WHEREAS, the Government desires to protect the confidential information contained in the materials it produces pursuant to Rule 16(d)(1);

IT IS HEREBY ORDERED:

1.   Any material reflecting personal identification information (including but not limited to names, social security numbers, dates of birth, addresses, telephone numbers, and account numbers) produced by the Government in this action is deemed "Confidential Information" and shall be so identified by the Government.

2.   Confidential information disclosed to any defendant or to his or her counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and his or her counsel only for purposes of the defense of this action;

(b) Shall not be duplicated by the defendant for purposes of the defense of this action;

(c) Shall be kept and maintained by the defendant in a secure container and location;

(d) Shall not be disclosed in any form the defendant or his or her counsel except as set forth in paragraph 2(e) below;

(e) May be disclosed by the defendant or his or her counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, and paralegal student personnel employed full-time or part-time by the defendant's counsel;

(ii) expert witnesses, investigators, or advisors retained the defendant's counsel in connection with this action;

(iii) other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation;

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(f) Shall be returned to the Government following the conclusion of the trial of the above-referenced action or upon the defendant's sentencing, as the case may be, and any all copies made of said material shall be shredded, erased, or destroyed, as the case may be.

3.   The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(e).  Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(e}, any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's

counsel.  However, defendants and their counsel need not obtain

signatures from any member of the defense team (i.e., attorneys,

experts, consultants, paralegals, investigators, support

personnel, and secretarial staff involved in the representation

of the defendants in this case), all of whom are nonetheless

bound by this Protective Order.

       4.    The provisions of this Order shall not be

construed as preventing the disclosure of any information in any

motion, hearing, trial, or sentencing proceeding held in

connection with the above-referenced action or to any District

Judge or Magistrate Judge of this Court (or their staff) for

purposes of the above-referenced action.

       5.    With respect to Confidential Information, any

filings with any court shall be governed by Rule 49.1 of the

Federal Rules of Criminal Procedure.

Dated:    New York, New York
          January 6, 2016


_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK